1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY SPALDING,                           Case No.  1:18-cv-01246-JDP

12              Petitioner,                      ORDER DENYING PETITIONER'S MOTION
                                                 FOR APPOINTMENT OF COUNSEL
13         v.
                                                 (Doc. No. 2.)
14   WARDEN HATTON,

15              Respondent.

16

17         Petitioner Anthony Spalding is a state prisoner proceeding without counsel on a petition

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 17, 2018, the court

19   received the instant motion, in which petitioner requests appointment of counsel.  (Doc. No. 2.)

20   In support of his request, petitioner submits that he is indigent and unable to afford counsel.  (*Id*.)

21         A petitioner in a habeas proceeding does not have an absolute right to counsel.  *See*

22   *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no

23   application here . . . .").  There are three specific circumstances where appointment of counsel is

24   required in habeas proceedings.  First, appointment of counsel is required for an indigent person

25   seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§

26   2254 or 2255.  *See* 18 U.S.C. § 3599(a)(2).  Second, appointment of counsel may be required if

27   an evidentiary hearing is warranted.  *See* Rules Governing Section 2254 and 2255 Cases 8(c).

28

                                                 1

Third, appointment of counsel may be necessary for effective discovery. *See* Rules Governing Section 2254 and 2255 Cases 6(a). None of these situations is present at this time.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, the court finds that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If petitioner later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

Accordingly, petitioner's motion for the appointment of counsel (Doc. No. 2) is denied without prejudice.

IT IS SO ORDERED.

Dated:    September 24, 2018                                   
UNITED STATES MAGISTRATE JUDGE

2